STATE OF VERMONT

ENVIRONMENTAL COURT

In re: <u>Appeal of Nott</u>    }    Docket No. 141-6-00 Vtec

## Order Re: Motion for Stay and Motion for Summary Judgment

Appellant appealed from one condition of a decision of the Zoning Board of Adjustment of the Town of Hartford granting him Conditional Use Approval for a Home Industry.  Appellant is represented by William J. Donahue, Esq.; the Town is represented by Kimberlee J. Sturtevant, Esq.  No other parties have entered an appearance.

<u>Motion for Stay</u>

On December 1, 2000, Appellant moved for a stay of the Hartford ZBA's decision, which the Court treated as a request to stay only Condition 2 of the ZBA decision (as a stay of the entire decision would have left Appellant without conditional use approval altogether).  The request for stay was based on Appellant's inability to fulfill his snow plowing contractual obligations without the use of the off-premises employees at issue in this appeal.  On December 1, 2000, the Court granted a temporary stay until further order of the Court after the Town would have had the opportunity to respond to the Motion to Stay.  The temporary stay was subject to a condition that no more than three employees (other than Appellant) at any time shall be on the property which is the subject of this appeal. The Town has now filed its response.

The condition prohibiting more than three employees of the business, regardless of where they are located, is the subject of the motion for summary judgment pending in this appeal.  No other condition of the permit was appealed; accordingly all other findings and conditions remain in effect.  This includes any requirement that only Appellant's personal vehicle may be parked on the site over night, and the limitations on daily vehicular round trips to the property.  Appellant must comply with all these conditions during the pendency of this appeal or face enforcement action from the Town, regardless of the ruling on the Motion for Stay.

The purpose of the Court's order on the Motion to Stay is to allow Appellant to fulfill his contractual obligations, but to minimize the impact of his business on the surrounding neighborhood, until the merits of the appeal of Condition 2 are resolved, either by summary judgment or by a hearing. Appellant has shown that he will face irreparable injury if he is prohibited from employing more than three persons off-site during the pendency of the appeal. He has not appealed or alleged harm from any other conditions. We cannot find that the public interest will be harmed if a limited stay is granted and all other conditions of the permit are met. Accordingly, the Motion for Stay is GRANTED in PART, as follows, until further order of the Court.

Appellant may employ more than three persons off-site in his business, but no more than three employees may be on the property at any time, and no more than a total of ten round trips of vehicles may occur in any day, allocated as four round trips by Appellant and a total of six round trips for the total of Appellant's employees. (See Finding Paragraph 16 of the decision on appeal). The Court recognizes that this requirement may mean that certain employees or vehicles must be dispatched by Appellant without their coming to the property in any given day or storm.

Motion for Summary Judgment & "Record on Appeal"

On December 14, 2000, Appellant filed his motion for summary judgment, and also filed a "Record on Appeal" consisting of a copy of the Zoning Regulations and copies of documents from the Zoning Administrator's file. The Court hereby retains the Zoning Regulations for use in connection with the Motion for Summary Judgment and is returning to Attorney Donahue with this Order the remainder of the documents, as no "record" is to be forwarded to the Court in a de novo appeal. V.R.C.P. 76(e)(4)(B). If any of those documents is necessary for Appellant's Motion for Summary Judgment, they may be submitted if appropriate pursuant to V.R.C.P. 56.

We also note that we have a hearing date which may become available for this case in Woodstock on January 24, 2001. Accordingly, while the parties' summary judgment schedule now expires with any reply memo being filed on January 25, the parties may wish to accelerate the schedule to allow the Court to consider and decide the motion in advance

of that date so that it could be used if necessary for any remaining issues on the merits. Please advise the court on or before January 4 of any such change in the summary judgment briefing schedule; if a telephone conference is necessary it may be held on January 5, 2001.

Done at Barre, Vermont, this 26th day of December, 2000.

_____
Merideth Wright
Environmental Judge